## Noviello v. Eck

*Harry C. Fithian,* for plaintiff.
*Greevy and Greevy,* for defendant.

WILLIAMS, J., July 28, 1950.—Plaintiff brings this action in trespass and files his complaint to recover from defendant damages for injuries to a Chevrolet coupe.

Defendant filed preliminary objections to the complaint and in support of these preliminary objections has assigned nine reasons.

The first reason, based upon the verification of the complaint, was withdrawn by defendant upon the argument of the case.

Paragraph 2 of the preliminary objections alleges that the complaint does not conform with Rule of Civil Procedure 1022 in that paragraph 7 contains more than one material allegation.

Paragraph 7 of the complaint reads as follows: "When the said automobile, operated by the plaintiff, arrived at the intersection of East Second Avenue, a through highway, and Main Street, which ends at East Second Avenue, and was proceeding into the intersection, the defendant so carelessly and negligently operated the said Buick Sedan in entering said intersection as to cause it to come into sudden and violent collision with the automobile of the plaintiff."

There appears to be nothing in the form of paragraph 7 of the complaint that can prejudice defendant, and therefore we see little merit in this objection, nor do we see any merit in the third preliminary objection that the complaint in paragraph 7 contains a statement of a legal conclusion, to wit, that East Second Avenue is a through highway.

We are acquainted with the case of Strousner v. Myers, 66 D. & C. 634, which holds that the pleading must specifically say whether a through highway is designated as such and what form of designation is provided. We are of the opinion that the designation is a matter of proof.

Paragraphs 4, 5, 6, 7 and 8 of the preliminary objections complain about the allegations in paragraph 9 (a), (b), (c), (d) and (e) of the complaint, alleging that these paragraphs in the complaint are nothing but legal conclusions.

It has been said that in automobile cases, as in other negligence cases, a complaint which merely alleges generally that plaintiff was injured through the negligence of defendant, without specifying any duty owing to defendant by plaintiff, or any act or omission by defendant which caused the injury, is demurrable for failure to state a cause of action: 9 Blashfield, sec. 5954.

In the instant case plaintiff alleges the acts of negligence as:

(a) Failing to maintain proper lookout ahead;

(b) Operating the automobile at a fast, reckless and dangerous rate of speed;

(c) Failing to yield the right of way to plaintiff as required by the Act of May 1, 1929, P. L. 905, sec. 1014(c), as amended;

(d) Operating the automobile without due regard for the safety of other users of the highway;

(e) Failing to exercise that degree of care and caution which the time, place and all the circumstances required.

It has been held that the whole statement should be read together and if it contains such material facts as to make a good cause of action it is sufficient: Wayne v. Davis, 50 Lanc. 55. It has also been held that even though the statement of claim avers certain conclusions of law, if it contains such material facts as to make out a cause of action, it is sufficient. We are of the opinion that plaintiff has stated the cause of action when he alleges that the automobile was operated at a fast, reckless and dangerous rate of speed without due regard for the safety of other users of the highway, and when he alleges the defendant failed to yield the right of way as required by the statute. As to whether or not the highway was a through highway according to the act of assembly in such case made and provided, this is a matter of proof.

Despite the ruling of the court in this matter plaintiff has asked leave to amend, and this the court allows.

It is ordered that plaintiff be given 15 days for amending the complaint.